IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. EP-22-CV-00049-DB |
| CALIBER HOME LOANS, INC., a Delaware Corporation, | § § § | |
| Defendant. | § § § § | |

**CALIBER HOME LOANS, INC.'S MOTION TO
DISMISS THE LAWSUIT FOR FAILURE TO STATE A CLAIM**

---

**CALIBER'S MOTION TO DISMISS**

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ......................................................................................................ii

I.    OVERVIEW ........................................................................................................................1

II.   ARGUMENT ......................................................................................................................2

      Plaintiff's robocall claim under 47 U.S.C. § 227(b)(1)(A) fails because he failed to
      adequately allege that Caliber used an automated telephone dialing system when
      making the alleged calls and failed to properly deny that he did not consent to the
      alleged calls. ..............................................................................................................2

      Plaintiff's claim for a violation of the national do-not-call registry of persons under
      47 C.F.R. § 64.1200(c)(2) fails because Plaintiff failed to provide enough facts
      showing his phone number was still registered on the registry. ....................................4

      Plaintiff's claim for a violation of 47 C.F.R. § 64.1200(d) by telemarketing without
      mandated safeguards fails because Plaintiff failed to plead enough facts
      demonstrating that the alleged calls occurred for "telemarketing" purposes. ............................4

      Plaintiff's vicarious liability allegations that a third-party telemarketer allegedly called
      on Caliber's behalf fail because Plaintiff fails to plead agency relationship between
      Caliber and the alleged third-party telemarketer. ..........................................................6

      Plaintiff's claim for a violation of Texas Business & Commerce Code fails because
      this claim depends on the merits of his TCPA violation claims, all of which fail. ..................8

III.  RELIEF REQUESTED .........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................1

*Barnett v. Bank of Am., N.A.,*
  3:20-cv-272-RJC-DSC, 2021 U.S. Dist. LEXIS 101171 (W.D. N.C. May 28,
  2021)..............................................................................................................2, 3

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................................1

*Callier v. Sunpath Ltd.,*
  No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792 (W.D. Tex. Aug. 10, 2020)..................6, 7

*Camunas v. Nat'l Republican Senatorial Comm.,*
  541 F. Supp. 3d 595 (E.D. Pa. 2021)..........................................................................2, 3

*Cunningham v. Creative Edge Mktg. LLC,*
  No. 4:19-cv-00669-ALM-CAN, 2021 U.S. Dist. LEXIS 126863 (E.D. Tex. June
  16, 2021) ..............................................................................................................8

*Facebook, Inc. v. Duguid,*
  No. 19-511, 2021 U.S. LEXIS 1742 (Apr. 1, 2021) .............................................................2

*Hufnus v. Donotpay, Inc.,*
  No. 20-cv-08701, 2021 U.S. Dist. LEXIS 118325 (N.D. Cal. June 24, 2021) .............................2, 3

*Hunsinger v. Buyers,*
  No. 3:21-cv-1598-D, 2022 U.S. Dist. LEXIS 32319 (N.D. Tex. Feb. 24, 2022)............................8

*Schulz v. Infogroup, Inc.,*
  3:19-cv-1620-N, 2020 U.S. Dist. LEXIS 128908 (N.D. Tex. July 21, 2020)..................................5

*Timms v. USAA Fed. Sav. Bank,*
  543 F. Supp. 3d 294 (D. S.C. 2021) ..........................................................................2, 3

**Statutes**

47 U.S.C. § 227 ......................................................................................................2, 6, 8

Fed. R. Civ. P. 8 ..........................................................................................................1

Tex. Bus. & Com. Code Ann. § 305.053 ..................................................................................8

The Court should dismiss Plaintiff's lawsuit because the allegations in his second amended complaint remain legally insufficient to state a claim for relief.

## I.      OVERVIEW

Plaintiff's lawsuit continues to lack merit, even despite the fact that he filed a second amended complaint and conceded that his former allegations contained material deficiencies. In his live pleading, Plaintiff simply recast his former conclusory allegations, providing no content or context of the alleged calls and adding nothing more than pure speculations.

The pleading standard of Rule 8 as the United States Supreme Court in *Bell Atl. Corp. v. Twombly*[1] and *Ashcroft v. Iqbal*[2] interpreted it requires more than merely recasting one's conclusory allegations from a previously amended complaint. It requires more factual allegations—not mere speculations. The factual allegations that could satisfy the pleading standard must include, for instance, among others: **(1)** what was said during the calls; **(2)** whether Plaintiff did anything to consent to the alleged calls; **(3)** what Plaintiff did to ensure that the do-not-call database administrator did not remove his phone number from the do-not-call registry; **(4)** that Plaintiff had no pre-existing personal or business relationships with Caliber; **(5)** that Plaintiff's phone number was selected or used not from a pre-existing list created based on criteria from the dialer administrator, but by random or sequential number generator; and **(6)** why Plaintiff believes that Caliber should be responsible for the alleged third-party calls. Only when—and if—Plaintiff can allege these facts will it become clear whether he sustained a legally protected injury. But given that Plaintiff continues to be unable to make such factual allegations, his lawsuit must be dismissed.

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a plaintiff is not entitled to relief on his claims when he fails to plead "sufficient factual matter" that would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## II.   ARGUMENT

***Plaintiff's robocall claim under 47 U.S.C. § 227(b)(1)(A) fails because he failed to adequately allege that Caliber used an automated telephone dialing system when making the alleged calls and failed to properly deny that he did not consent to the alleged calls.***

Plaintiff's allegations of Caliber's alleged use of an automated telephone dialing system (ATDS) during the alleged calls fare no better. His allegations that "[e]ach of the third-party telemarketers initiated their phone calls using equipment that relies on automated dialing technology"[3] epitomize a legal conclusion. They fail to support a reasonable inference as to whether Caliber used an ATDS with the capacity to randomly or sequentially store or produce telephone number. But courts hold that only such devices that randomly or sequentially generate, and not just store, numbers violate the Telephone Consumer Protection Act (TCPA).[4]

For instance, in *Camunas v. Nat'l Republican Senatorial Comm.*, the court explained that bare allegations that defendant placed calls using automated dialing technology were insufficient to trigger the TCPA and instead plaintiff must provide details about the contents of the calls, the absence of a relationship between the parties, and the random nature of the automation device used to make the calls before it can plausibly allege a TCPA violation.[5]

Similarly, in *Barnett v. Bank of Am., N.A.*, the court held that the plaintiff's TCPA claim failed because the plaintiff's allegations of the defendant's use of ATDS in placing the calls failed to negate

---

[3] Pl.'s Second Am. Compl. pp. 6, 10.

[4] *Facebook, Inc. v. Duguid*, No. 19-511, 2021 U.S. LEXIS 1742, at *17 (Apr. 1, 2021); *Timms v. USAA Fed. Sav. Bank*, 543 F. Supp. 3d 294, 298-99 (D. S.C. 2021) (granting defendant's motion for summary judgment because the system used to place calls did not store numbers using a random or sequential number generator or produced numbers using a random or sequential number generator to qualify as an ATDS); *Hufnus v. Donotpay, Inc.*, No. 20-cv-08701, 2021 U.S. Dist. LEXIS 118325, at *2 (N.D. Cal. June 24, 2021) (defendant's platform used to call consumers failed to qualify as an ATDS because while it stored their telephone numbers in a random or sequential way, it obtained those numbers when consumers provided them during the registration process).

[5] *Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602-03 (E.D. Pa. 2021).

---

the fact that the number chosen for the calls were selected from a pre-existing list created based on criteria from the dialer administrators rather than by random or sequential number generators.[6]

So to survive a motion to dismiss for failure to state a claim, plaintiffs must plausibly allege the content of the messages and the random nature of the automation device used to make the calls as well as expressly affirm the absence of a pre-existing relationship with defendants.[7] Plaintiff's allegations, however, are remarkably devoid of these prerequisites.

Moreover, Plaintiff's allegations of the alleged calls are contradictory and appear to be self-serving. Most of the time Plaintiff insisted that only live agents allegedly called him.[8] But where it was expedient to allege that the calls contained pre-recorded messages, Plaintiff unabashedly made such allegations in an apparent attempt to fit them in with the elements of some of his claims.[9] The Court should dismiss this claim.

---

[6] *Barnett v. Bank of Am., N.A.*, 3:20-cv-272-RJC-DSC, 2021 U.S. Dist. LEXIS 101171, at *9 (W.D. N.C. May 28, 2021).

[7] *E.g.*, *Camunas*, 541 F. Supp. 3d at 602-03 (explaining that bare allegations that defendant placed calls using automated dialing technology is insufficient to trigger the Telephone Consumer Protection Act; plaintiff must provide some details of the contents of the calls, the absence of a relationship between the parties, and the random nature of the automation device used to make the calls before it can plausible allege a TCPA violation); *Barnett*, 2021 U.S. Dist. LEXIS 101171, at *9 (TCPA claim failed because the number chosen for the calls were selected from a pre-existing list created based on criteria from the dialer administrators rather than by random or sequential number generators); *Timms*, 543 F. Supp. 3d at 298-99 (granting defendant's motion for summary judgment because the system used to place calls did not store numbers using a random or sequential number generator or produced numbers using a random or sequential number generator to qualify as an ATDS); *Hufnus*, 2021 U.S. Dist. LEXIS 118325, at *2 (defendant's platform used to call consumers failed to qualify as an ATDS because while it stored their telephone numbers in a random or sequential way, it obtained those numbers when consumers provided them during the registration process).

[8] Pl.'s Second Am. Compl. pp. 5-6, 9, 12.

[9] Pl.'s Second Am. Compl. p. 10.

**CALIBER'S MOTION TO DISMISS**

***Plaintiff's claim for a violation of the national do-not-call registry of persons under 47 C.F.R. § 64.1200(c)(2) fails because Plaintiff failed to provide enough facts showing his phone number was still registered on the registry.***

To state a claim for a violation of the national do-not-call registry of persons under 47 C.F.R. § 64.1200(c)(2), a plaintiff must not only allege facts that his phone number has been on the registry since a given time-period, but he must plainly state that he confirmed his phone number was still registered on the registry at the time of the alleged calls.[10] The regulation states that "do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."[11]

*Here*, Plaintiff merely alleged that his phone "has been on the National Do-Not-Call Registry since December 2007 [and that he] never asked the National Do-Not-Call Registry administrator to remove him from" the registry.[12] Plaintiff alleged no facts showing that he confirmed his telephone number remained on the registry. And Plaintiff never alleged facts that he confirmed that the database administrator continued to keep his phone number on the registry. Yet at the same time Plaintiff asserted that Caliber placed the alleged calls "while knowingly ignoring"[13] the registry. Plaintiff's statements that Caliber violated the do-not-call registry regulation are therefore conclusory, and the Court should dismiss this claim.

***Plaintiff's claim for a violation of 47 C.F.R. § 64.1200(d) by telemarketing without mandated safeguards fails because Plaintiff failed to plead enough facts demonstrating that the alleged calls occurred for "telemarketing" purposes.***

Plaintiff's claim that Caliber allegedly called him for "telemarketing" purposes, had no written policy for maintaining a do-not-call list, and did not train its personnel in the existence and

---

[10] 47 C.F.R. § 64.1200(c)(2).

[11] 47 C.F.R. § 64.1200(c)(2).

[12] Pl.'s Second Am. Compl. p. 5.

[13] Pl.'s Second Am. Compl. p. 10.

use of the list are conclusory. Plaintiff failed to allege enough facts showing the content and context of the alleged calls to enable the Court to determine whether they were made with a "telemarketing" purpose.

Tellingly, the second amended complaint lacks facts of what was said during the alleged calls. And the second amended complaint is devoid of facts showing Plaintiff did nothing to invite or consent to Caliber's alleged calls. Similarly, Plaintiff never denied that he had pre-existing business relationships with Caliber or those allegedly calling on its behalf, leaving a trace of doubt as to whether the alleged calls occurred because Plaintiff at some point invited them. This is why "[c]ourts look to both the content and context of calls to determine whether they were made with the requisite telemarketing purpose."[14] Absent this information, the Court cannot determine whether the alleged calls—even assuming they took place—were made for a "telemarketing" purpose. For this reason alone, the Court should dismiss Plaintiff's claim for a violation of 47 C.F.R. § 64.1200(d).

There is yet another reason why the Court should dismiss this claim. Plaintiff's allegations of emailing Caliber his request for its written policy for maintaining a do-not-call list are anemic, as we learn so little about the content of Plaintiff's alleged email. Plaintiff failed to allege whether he explained his reasons for making the request or how he determined that the email address he sent his request was the correct one. Sending a one lonely unsolicited email does not guarantee its receipt. Given its unsolicited nature, the email could have been filtered to the spam folder and never seen by a Caliber's customer representative.

Lastly, Plaintiff's allegations that "[o]n information and belief [Caliber] did not train its agents"[15] about the existence and use of the do-not-call list are highly speculative in light of the fact

---

[14] *Schulz v. Infogroup, Inc.*, 3:19-cv-1620-N, 2020 U.S. Dist. LEXIS 128908, at *4-5 (N.D. Tex. July 21, 2020).

[15] Pl.'s Second Am. Compl. p. 10.

that Plaintiff never confirmed whether his phone was in fact registered on the do-not-call registry. Neither does the second amended complaint contain any allegations of other safeguard procedures required under 47 C.F.R. § 64.1200(d), rendering the complaint dreadfully deficient. Accordingly, the Court should dismiss this claim.

**Plaintiff's vicarious liability allegations that a third-party telemarketer allegedly called on Caliber's behalf fail because Plaintiff fails to plead agency relationship between Caliber and the alleged third-party telemarketer.**

While Plaintiff made no claim for Caliber's vicarious liability for calls allegedly placed by a third-party telemarketer on its behalf, some of his allegations contain a few vague such allusions. Under 47 U.S.C. § 227, a seller may only be held vicariously liable for its agent's telemarketing calls if the recipient of the calls can establish the existence of an agency relationship.[16]

There are three circumstances that give rise to an agency relationship. The most obvious circumstance is when the principal has the right to: (1) assign the agent's task; and (2) control the means and details of the process by which the agent will accomplish that task.[17] Another circumstance is called apparent authority and it arises when the principal reasonably leads a third-party to believe that a specific actor is its agent.[18] Finally, an agency relationship may arise through the principal's ratification of the actor's conduct, that is, when the principal retains the benefits of a transaction undertaken by the actor after learning about its underlying circumstances without renouncing it.[19]

---

[16] *Callier v. Sunpath Ltd.*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *6-7 (W.D. Tex. Aug. 10, 2020).

[17] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *7.

[18] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *7.

[19] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *7.

For instance, in *Callier v. Sunpath Ltd.*, the court held that plaintiff failed to make a *prima facie* case of an agency relationship between two sellers and their alleged telemarketing agents because he made conclusory assertions that the sellers were 'direct beneficiaries of the illegal telemarketing calls' without elaborating on the nature of the relationship.[20] The court said that it could not "reasonably infer an agency relationship from the mere fact that telemarketing calls were made on behalf of" the sellers.[21] Plaintiff should have alleged, the court continued, that the sellers assigned tasks and controlled the means and details of the process by which the third-party telemarketers that called plaintiff conducted their business.[22] "If this control does not exist, the calls are merely unilateral activities of a third-party," the court stressed.[23] The court additionally found that plaintiff failed to allege that the third-party telemarketers acted with apparent authority given that he failed to plead that the sellers acted to create a reasonable belief of an agency relationship with the telemarketers.[24] And the court additionally held that no agency relationship existed by virtue of ratification either because plaintiff failed to allege that the sellers were aware of the third-party's alleged violations of the TCPA.[25]

*Here,* Plaintiff's allegations that "[t]hrough information and belief Defendant uses an anonymous telemarketing company to make phone calls on its behalf"[26] fall short because, like the court observed in *Callier*,[27] they contain no information about Caliber's control over the third-party

---

[20] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *7-8.

[21] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *8.

[22] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *8.

[23] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *8.

[24] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *9.

[25] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *9.

[26] Pl.'s Second Am. Compl. p. 5.

[27] *Callier*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *8.

telemarketers and their alleged calls. Plaintiff's allegations that he "received at least 56 calls within a 60-day timespan from telemarketer calling on behalf of Defendant,"[28] or that "Defendant Caliber employs, contracts, or authorizes telemarketing firms to make phone calls on their behalf"[29] fare no better. Simply stated, Plaintiff failed to elaborate on the nature of the relationship between Caliber and the telemarketers or what Caliber did that could lead a reasonable person to believe that an agency relationship existed with the third-party telemarketers.

Similarly, Plaintiff failed to allege Caliber's awareness of the circumstances underlying the calls by the third-party telemarketers such that ratification theory of the agency relationship is inapplicable. Accordingly, Plaintiff's allegations could support no claim for Caliber's vicarious liability for the third-party telemarketers' alleged calls in violation of the TCPA. The Court should dismiss these allegations.

**Plaintiff's claim for a violation of Texas Business & Commerce Code fails because this claim depends on the merits of his TCPA violation claims, all of which fail.**

Plaintiff's claim for a violation of Texas Business & Commerce Code § 305.053 fails because the predicate claim for a violation of 47 U.S.C. § 277(b) fails.[30] Accordingly, the Court should also dismiss this claim.

## III.    RELIEF REQUESTED

Because Plaintiff's second amended complaint contains conclusory allegations regarding the alleged "telemarketing" calls, Caliber's use of an ATDS to make the alleged calls, Caliber's violations of the do-not-call registry regulation, or Caliber's alleged "telemarketing" without having mandated

---

[28] Pl.'s Second Am. Compl. p. 5.

[29] Pl.'s Second Am. Compl. p. 6.

[30] *Hunsinger v. Buyers*, No. 3:21-cv-1598-D, 2022 U.S. Dist. LEXIS 32319, at *18 (N.D. Tex. Feb. 24, 2022); *Cunningham v. Creative Edge Mktg. LLC*, No. 4:19-cv-00669-ALM-CAN, 2021 U.S. Dist. LEXIS 126863, at *11-12 (E.D. Tex. June 16, 2021) (explaining that if there is no violation under 47 C.F.R. § 227, then there can be no violation of Texas Business & Commerce Code § 305.053).

procedural safeguards, his claims fail the plausibility standard. Accordingly, Plaintiff's lawsuit should be dismissed.

Respectfully submitted,

/s/ Ekaterina G. Long

Ekaterina G. Long
Texas Bar No. 24102700
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-758-1500
Facsimile: 214-758-1550
ekaterina.long@squirepb.com

and

/s/ Eric J. Troutman

Eric J. Troutman
California Bar No. 229263
TROUTMAN FIRM
530 Technology Drive, Suite 200
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile:   (214) 758-1550
troutman@troutmanfirm.com

**Attorneys for Caliber Home Inc.**

**Certificate of Service**

I certify that on May 2nd, 2022, my office served a true and correct copy of the foregoing via the Court's CM/ECF system and by mailing it via Certified Mail Return Receipt Requested and First Class Mail to Plaintiff's last known address as follows:

Brandon Callier
6336 Franklin Trail
El Paso, Texas 79912

*/s/ Ekaterina G. Long*
**Ekaterina G. Long**