Case 3:22-cv-00049-DB   Document 16   Filed 05/20/22   Page 1 of 10

FILED
May 20, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ___Michael Trujillo___
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** | § |
| **Plaintiff,** | § |
| v. | § EP-22-CV-00049-DB |
| **CALIBER HOME LOANS INC.,** a Delaware Corporation | § |
| **Defendant.** | § |

**PLAINTIFF'S RESPONSE TO DEFENDANT CALIBER HOME LOANS INC.'S MOTION TO DISMISS THE LAWSUIT FOR FAILURE TO STATE A CLAIM**

Comes Now Plaintiff Brandon Callier with his response to Defendant Caliber Home Loan Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim and will state and show as follows:

"When faced with a Rule 12(b)(6) motion to dismiss…courts must…accept all factual allegations in the complaint as true. We must also draw all reasonable inferences as in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal citations omitted). The Court considers only "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (internal quotations omitted). Given the assumption of factual allegations, the Defenses requests have little merit and should be denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his Original Complaint on February 7, 2022. Defendant continued to call

Plaintiff so Plaintiff filed his First Amended Complaint on XX to add additional calls. This amendment was prior to Defendant being served with the Original Complaint. Defendant was served with Plaintiff's First Amended Complaint on March 9, 2022. On March 30, 2022, Defendant filed a Motion to Dismiss. On April 19, 2022, Plaintiff filed his Second Amended Complaint which mooted Defendant's Motion to Dismiss. Defendant filed a second Motion to Dismiss on May 2, 2022. On May 5-6, 2022, Plaintiff received five additional phone calls from Defendant. Plaintiff alerted Defendant's counsel of the new phone calls on May 10, 2022, and asked Defendant if they opposed Plaintiff Amending the Complaint to add in the additional phone calls. On May 16, 2022, Defendant alerted Plaintiff that it opposed Plaintiff amending the Complaint.

II.   **ARGUMENTS AND AUTHORITIES**

   A.   *Plaintiff's robocall claim under 47 U.S.C. § 227(b)(1)(A) claims*.

Plaintiff alleges that the phone calls received from the Defendant used equipment that relies on automated dialing technology. Plaintiff infers this contention based on the phone calls Plaintiff received having a delay of 3-4 seconds and an audible "beep" upon answering. Plaintiff's Second Amended Complaint ¶ 31. Defendant claims this is insufficient to establish the use of automated dialing technology because Plaintiff does not allege Defendant used "an ATDS with the capacity to randomly or sequentially store or produce telephone number (sic). Defendant's Motion to Dismiss Page 2. However, at this point in the proceeding Plaintiff has not had the benefit of discovery and the inspection of the equipment used to make the phone calls. Plaintiff would only be describing the technical requirements of an ATDS after the Facebook decision with no basis to make such an assertion.

Numerous Courts have held that this is an issue more appropriately addressed at the summary judgment phase. In *Callier v Multiplan, Inc*. the Court held:

"To require Plaintiff to plead the specifics of the technology used to place harassing calls would raid the pleading standard for TCPA claims impermissibly high. To allege a violation of the TCPA, Plaintiff need only allege facts that reasonably suggest Defendants used ATDS technology to call Plaintiff. *Ashcroft*, 556 U.S. at 678. Plaintiff claims Defendants relied on ATDS to call him on his cell phone. This puts Defendants on "fair notice of what the claim is and the grounds upon which it rests." *Wooten v McDonald Transit Assocs*., 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). It also reflects the totality of information a recipient of unwanted automated calls can be reasonably expected to possess. As other courts have noted, it is impracticable to expect plaintiffs to plead specific facts about a telemarketer's technological processes before they have the benefit of discovery. E.g, Atkinson v Pro Custom Solar LLC, No. SA-21-+CV-178-OLG, 2021 U.S. Dist. LEXIS 112396, at * (W.D. Tex. June 16, 2021).
The Court does not read Facebook to require TCPA plaintiffs to plead "dead-airtime." Rather, the court understands the Supreme Court to have established that district courts evaluating a TCPA claim must engage with a question of material fact: whether the calls underlying the claim are attributable to a "random or sequential number generator." If they are not, then ATDS technology was not involved, and the claim fails as a matter of law. This is properly addressed on summary judgment. Accordingly, the court will not dismiss Plaintiff's claim under ¶ 227(b)(1)(A)(iii). *Callier v. Multiplan, Inc.*, Case No. 3:20-CV-00318-FM (W.D. TX. Dec. 28, 2020)

Plaintiff has sufficiently plead the use of ATDS by Plaintiff received having a delay of 3-4 seconds and an audible "beep" upon answering the phone. Plaintiff also notes the randomness of the phone calls by noting none of the telemarketers asked for Plaintiff by name. Plaintiff's Second Amended Complaint ¶ 32.

Defendant attempts to paint Plaintiff as filing a self-serving Complaint that is contradictory about which phone calls are ATDS and which phone calls are from live agents. This claim is completely unsupported by the facts of the case as Plaintiff clearly indicate which calls are from telemarketers using ATDS and which calls are direct live calls from Caliber agents/employees in TABLE A of Plaintiff's Second Amended Complaint.

**B. Plaintiff's claim under 47 C.F.R. § 64.1200(c)(2) claims**.

The FTC National Do Not Call Registry Frequently Asked Questions website states

3

"Your registration will never expire.  The FTC will only remove your number from the registry if it's disconnected or reassigned, or if you ask to remove it.

https://consumer.ftc.gov/articles/national-do-not-call-registry-faqsational Do Not Call Registry FAQs | Consumer Advice (ftc.gov).  Plaintiff clearly states "Plaintiff has been on the National Do-Not-Call Registry since December 2007.  Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.  Plaintiff's Second Amended Complaint ¶ 20-21.  While Plaintiff acknowledges Plaintiff should have stated his "phone number" is on the Do-Not-Call registry and not the "Plaintiff" himself, it is not difficult to ascertain Plaintiff intended to state his phone number is on the Do-Not-Call registry and not Plaintiff himself as persons cannot register for the Do-Not-Call registry.

Taking these facts as true, Plaintiff has clearly established his phone number was successfully registered on the National Do-Not-Call Registry when Defendant was calling Plaintiff.  Plaintiff successfully registered his phone number on the National Do-Not-Call Registry in December 2007 and Plaintiff's cell phone has never been removed from the Registry and Plaintiff's cell phone remains on the Registry.   Exhibit A.

### C. *Defendant never provided Plaintiff with a Do-Not-Call Policy] and thus have no defense that can be raised against Plaintiff's 47 C.F.R. § 64.1200(d) claims.*

47 C.F.R. § 64.1200(d) states "No person or entity shall initiate *any* call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. (emphasis added).  Making any telemarketing phone call with an established DNC policy in place is inherently illegal.  Defendant did not comply with Plaintiff's DNC policy requests and no defense can be raised against Plaintiff's 47 C.F.R. §

4

64.1200(d) claims.  This was illustrated in *LaGuardia v Designer Brands Inc.*, when the Court said "The Court need not engage in the 'is STOP enough' debate because DSW fails to establish that it maintains an internal Do Not Call list.  The applicable regulations provide that DSW cannot text LaGuardia and/or Austin under the EBR exception *unless* DSW '" has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of"' DSW.  47 C.F.R. § 64.1200(d).  Those procedures must include "'a written policy, available upon demand, for maintaining a do-not-call list.'"  47 C.F.R. § 64.1200(d)(1).  DSW makes no argument and provides no evidence on this point."  *LaGuardia v. Designer Brands Inc.*, Case No. 2:20-cv-2311 (S.D. Ohio Oct. 27, 2020).

Defense is attempting to use a defense it is barred from asserting when it states, "Plaintiff never denied that he had pre-existing business relationships with Caliber or the alleged calls occurred because Plaintiff at some point invited them."  Caliber's Motion to Dismiss, Page 5.  Both of the Defense's assertions are affirmative defenses and the burden of proof is on the Defendant.  However, Plaintiff will address these assertions.

Plaintiff made a request of Caliber's internal Do-Not-Call policy on January 15, 2022, to Defendant's email address [customerservie@caliberhomeloans.com](mailto:customerservie@caliberhomeloans.com) and did not receive an 'undeliverable' or 'bad address' message indicating the email was delivered.  Second Amended Complaint ¶ 35.  Defense is inferring this request was inadequate because Plaintiff "failed to allege whether he explained his reasons for making the request or how he determined that the email address he sent his request to was the correct one.  Defense further states that "sending one lonely unsolicited email does not guarantee its receipt.  Given its unsolicited nature, the email could have been filtered to the spam folder and never seen by a Caliber's customer representative." Caliber's Motion to Dismiss, page 5.

"Persons or entities making calls for telemarketing purposes must have a written policy, available, upon demand, for maintaining a do-not-call list." 47 C.F.R. 64.1200(d)(1). This policy does not state "upon repeated demand" or "upon multiple demands." It is not the responsibility of the DNC subscriber to make multiple DNC policy requests if the telemarketer does not comply with the initial request. In fact, the fact Caliber has been involved in multiple TCPA lawsuits, paid millions in class action damages, and called Plaintiff no less than 22 times after Plaintiff made repeated requests to not be called, is indicative of a company unable to fulfill a DNC policy request because it does not have an internal DNC policy. Plaintiff fulfilled his obligation by sending the DNC request.

Further, Plaintiff is not required to explain why he is requesting an internal DNC Policy. Nothing in 47 C.F.R. 64.1200 states a requester must explain why they are requesting an internal DNC policy. In fact, Defense is essentially saying a residential subscriber must "explain their reasons for making the request." This is an objectively absurd contention. Inherent in the Defense's requirement that reasons for requests be explained is the belief it is up to the telemarketing company to evaluate the validity of the request and make a decision as to whether the request should be honored or not. This is a ridiculous interpretation of the regulation and is not grounded in the application of the law. Is it the Defense's contention that Plaintiff needed to explain why he wanted the DNC policy so that the Defense could either say (2) the Defense approves of the reasons and will grant the request, or (b) the Defense does not approve of the reasons and will not grant the request? Nothing in the regulation gives the Defense the power to decide which DNC policy requests will be honored and which requests will not be honored.

Defendant's implied contention it may have not received the DNC policy request email because it could have gone to spam because the email was unsolicited is implausible. Plaintiff

sent the email request to an email address provided by Defendant as a valid email address for inquiries to Defendant. Plaintiff's Second Amended Complaint ¶ 35. It is not Plaintiff's responsibility to ensure that Defendant adequately monitors its email and Plaintiff has no reason to believe Defendant did not receive his request. In fact, Defendant does not even assert it did not receive Plaintiff's email. Defendant only implies it may not have received the email.

Defense was served with the Complaint on March 9, 2022. Caliber's counsel filed a Motion to Dismiss on March 30, 2022, and a second Motion to Dismiss on May 2, 2022. Defendant does not assert Defendant had an internal DNC policy available upon demand and provide a copy as an affirmative defense during either of the two Motions to Dismiss. Defendant has not provided Plaintiff a copy of its DNC policy, and Defendant has not asserted it has a DNC policy because Defendant does not have a DNC policy. As such, all of Plaintiff's claims under 47 C.F.R. 64.1200 are valid.

### D. *Plaintiff's vicarious liability allegations that a third-party telemarketer made ATDS phone calls on Caliber's behalf.*

Plaintiff admits he neglected to plead an agency relationship between the anonymous telemarketers and Caliber. Plaintiff's claims under 47 U.S.C. § 227(b)(1)(A) rely on Plaintiff successfully establishing vicarious liability for Defendant. Plaintiff cannot establish this claim because Plaintiff forgot to include vicarious liability in his Complaint.

Plaintiff received five additional phone calls from Defendant in May 2022 a full three months after Plaintiff delivered his initial do not call request to Defendant and two months after Defendant was served with the Complaint. These calls are not part of Plaintiff's Second Amended Complaint. Plaintiff can only ask the Court to either allow Plaintiff to amend his Complaint to include the new phone calls and to address Plaintiff's failure to plead vicarious liability. Alternatively, Plaintiff asks the Court to dismiss the claims under 47 U.S.C. §

227(b)(1)(A) so Plaintiff may include them as part of a new Complaint Plaintiff will file to address the five additional phone calls Plaintiff received in May 2022.

### III.   CONCLUSION

For all of these reasons Defendant's motion to dismiss claims under 47 C.F.R. 64.1200(c) and 47 C.F.R. 64.1200(d) should be denied.  Further, Plaintiff should be allowed to amend his Complaint to add vicarious liability for Plaintiff's 47 U.S.C. § 227(b)(1)(A) claims. Alternatively, the claims under 47 U.S.C. § 227(b)(1)(A) should be dismissed without prejudice so Plaintiff can refile those claims when he files suit for the additional phone calls Plaintiff has received from Defendant in May 2022.

May 18, 2022                                              Respectfully submitted,

*Brandon Callier*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
Callier74@gmail.com

# EXHIBIT A

 Brandon Callier <callier74@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed
1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>  Fri, May 6, 2022 at 6:45 PM
To: callier74@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 4604 on December 13, 2007. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

****************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.