IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., a Delaware Corporation,<br><br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ Case No. 3:22-CV-00049-DB<br>§<br>§<br>§<br>§<br>§<br>§ |

### CALIBER'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE LAWSUIT FOR FAILURE TO STATE A CLAIM

The Court should dismiss Plaintiff's lawsuit because he failed to: **(1)** adequately address Caliber's contention that he did not properly plead the use of an Automatic Telephone Dialing System; **(2)** provide facts showing he verified his telephone number continued to remain on the do-not-call registry during the alleged calls; **(3)** adequately plead a lack of a written do-not-call policy; **(4)** plead that the alleged calls constituted telephone solicitations or were made for telemarketing purposes; and **(5)** timely respond to Caliber's motion to dismiss.

### I. ARGUMENT

**In his response, Plaintiff inadequately addressed Caliber's contention that he failed to plead the use of an ATDS to state a robocall claim under 47 U.S.C. § 227(b)(1)(A).**

Plaintiff's allegations of the use of an ATDS are incurably deficient because they do not support a reasonable inference that Caliber used an ATDS with the capacity to *randomly* or *sequentially* store or produce telephone numbers. Courts consistently hold that to sufficiently plead the use of an ATDS, a plaintiff must allege, among others, "the content of the message [and] the context in which

it was received."[1] *Here,* despite repeatedly amending his complaint and given yet another chance to address this issue in his response to Caliber's motion to dismiss, Plaintiff failed to elaborate on the content of the alleged calls. He also failed to provide the context in which he received the alleged calls, as he never openly stated that he did not consent to, opt-in, or otherwise invite the alleged calls.

Significantly, Plaintiff admitted that he has "no basis" to adequately allege the use of an ATDS, but argued that his inability to do so can be cured through discovery and asserted that this issue should be teed up to the Court at the summary judgment stage.[2] But the factual plausibility standard does not justify Plaintiff's assertions. Liberal though it is, the plausibility standard does not open the court's gates to discovery before a plaintiff must allege enough facts to raise a right to relief above the speculative level to survive a motion to dismiss for a failure to state claim. "It is no answer to say," as the United States Supreme Court held, "that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process."[3] Holding otherwise would defy or corrode the plausibility standard. Additionally, Texas courts have no difficulty resolving the issue of the use of an ATDS during the motion to dismiss stage of the proceedings.[4]

**In his response, Plaintiff failed to address Caliber's contention that he did not provide facts showing he confirmed his telephone number remained on the do-not-call registry.**

Plaintiff's claim for a violation of 47 C.F.R. § 64.1200(c)(2) requires that he plainly state his telephone number was registered on the do-not-call registry on a given date and continued to remain

---

[1] *Hunsinger v. Buyers*, No. 3:21-cv-1598-D, 2022 U.S. Dist. LEXIS 32319, at *12 (N.D. Tex. Feb. 24, 2022).

[2] Pl.'s Resp. to Caliber's Mot. To Dismiss, pp. 2-3.

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007).

[4] *Hunsinger*, No. 3:21-cv-1598-D, 2022 U.S. Dist. LEXIS 32319, at *12-15 (dismissing the claim for a violation of the TCPA at the Rule 12(b)(6) stage because Plaintiff inadequately pleaded the use of an ADTS).

on the registry during the time Caliber placed the alleged calls.[5] While Plaintiff did allege that he registered his phone in December 2017, he failed to state what he did to confirm that his telephone number remained on the registry. Plaintiff merely quoted a generic explanation from the frequently asked questions on the FTC's website that telephone numbers are usually removed from the registry if they become disconnected or reassigned and attached an email that purported to support Plaintiff's belief that his telephone number continued to be on the registry. But Plaintiff's exhibit constitutes a hearsay in violation of the Federal Rule of Evidence 802 and is therefore inadmissible. Further, Plaintiff's reliance on the FTC's generalized explanations is unsubstantiated in light of the fact that evidently Plaintiff did absolutely nothing to verify that his phone continued to be on the registry. Failing to do his due diligence and relying on hearsay to substantiate his claims, however, leads to nothing more than sheer possibilities—and not a plausibility—that his phone number was on the registry as of the time Caliber allegedly called.

**In his response, Plaintiff failed to adequately address Caliber's contention that he failed to plead enough facts demonstrating telemarketing without mandated safeguards in violation of 47 C.F.R. § 64.1200(d).**

Plaintiff's statements that Caliber has no written do-not-call policy constitute mere speculations. In his response, Plaintiff stated that he emailed Caliber asking it to send him the policy and received no indication that his email bounced or was otherwise undeliverable.[6] Because he received no such indication and he did not receive the policy in response, Plaintiff concludes that Caliber has no such policy.[7] Plaintiff then attempts to bolster his conclusion with yet another conclusion that Caliber must have no policy because it has been "involved in multiple TCPA lawsuits,

---

[5] 47 C.F.R. § 64.1200(c)(2).

[6] Pl.'s Resp. to Caliber's Mot. To Dismiss, p. 5.

[7] *Id.* at p. 6.

paid millions in class action damages, and called Plaintiff no less than 22 times after" he asked not to be called.[8] But Plaintiff cited no source to support a reasonable inference that his statements that Caliber is a multiple TCPA violator rise above a conclusory level. Instead, Plaintiff added yet another conclusion that Caliber has no policy because it did not yet assert that it does have a policy.[9] But Plaintiff appears to be oblivious to the fact that this case is still at the dismissal stage, and Caliber has no obligation to provide any documents to Plaintiff at this juncture. Plaintiff's conclusions—either each or in toto—while raise a possibility that Calber may not have the policy, they nonetheless fail the plausibility standard that "asks for more than a sheer possibility that a defendant has acted unlawfully."[10]

**In his response, Plaintiff neglected to address Caliber's contentions that he failed to plead the alleged calls were made with a "telemarketing" purpose or constituted telephone solicitations in violation of the TCPA.**

As raised above, Plaintiff's second amended complaint is devoid of two crucial facts: **(1)** those that show the content of the alleged calls; and **(2)** those demonstrating that Plaintiff had no pre-existing business relationships with Caliber or gave no consent to receive the alleged calls. Absent the allegations of the calls' content, it is impossible to ascertain whether the alleged calls constituted telephone solicitations or had a telemarketing purpose.[11] And absent Plaintiff's express statements that he did not consent or opted-in to receive the alleged calls, Plaintiff's allegations offer no possibility to determine whether he sustained a legally protected injury.

---

[8] *Id.* at p. 6.

[9] *Id.* at p. 7.

[10] *Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[s].").

[11] *Schulz v. Infogroup, Inc.*, 3:19-cv-1620-N, 2020 U.S. Dist. LEXIS 128908, at *4-5 (N.D. Tex. July 21, 2020) (To determine liability under the TCPA, "[c]ourts look to both the content and context of calls to determine whether they were made with the requisite telemarketing purpose.").

***In his response, Plaintiff admitted that he failed to plead vicarious liability allegations.***

Plaintiff cannot establish Caliber's vicarious liability for alleged third-party calls. Under 47 U.S.C. § 227, a seller may only be held vicariously liable for its agent's telemarketing calls if the recipient of the calls can establish the existence of an agency relationship.[12] Plaintiff admitted that "he forgot to include vicarious liability in his Complaint."[13] And while Plaintiff offered to amend or dismiss his purported vicarious liability claim, it is highly doubtful that he can make a required showing of the agency relationship between Caliber and the alleged third-party telemarketers in light of his repeated failures to properly amend his complaint. Accordingly, the Court should dismiss this purported claim. Plaintiff has had ample opportunity to incorporate the vicarious liability allegations or, for that matter, substantially improve his other allegations in all subsequent attempted amendments to his complaint. But—as shown above—his attempts failed. Plaintiff's repeated failures show that while he aspires to, he is unable to plead sufficient facts to nudge any of his claims "across the line from conceivable to plausible" entitlement to relief.[14]

***Plaintiff filed his response after his deadline expired on May 16, 2022, and the Court has the authority to grant Caliber's motion to dismiss as unopposed.***

Plaintiff's response is untimely, and the Court should grant Caliber's motion to dismiss as unopposed. The Local Rule CV-7(d)(2) states:

> A response to a discovery or case management motion shall be filed no later than 7 days after the filing of the motion. A response to other motions shall be filed no later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there

---

[12] *Callier v. Sunpath Ltd.*, No. EP-20-cv-00106, 2020 U.S. Dist. LEXIS 256792, at *6-7 (W.D. Tex. Aug. 10, 2020).

[13] Pl.'s Resp. to Caliber's Mot. To Dismiss, p. 7.

[14] *Twombly*, 550 U.S. at 570.

is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.[15]

Caliber filed its motion to dismiss on May 2, 2022.[16] Under local rule CV-7(d)(2), Plaintiff was required to file his response "not later than 14 days"[17] after May 2, 2022, which was May 16, 2022. Plaintiff failed to file his response by May 16, 2022. Instead, he served his response on Caliber's counsel via email on May 19, 2022.[18] Accordingly, Plaintiff's response is late. The Court has authority to grant Caliber's motion as unopposed.[19]

## II. RELIEF REQUESTED

The Court should dismiss Plaintiff's lawsuit because Plaintiff time and again failed to allege the context of the alleged calls and negate that he opted-in or otherwise consented to receiving the calls, and he admitted to the deficiency of his purported vicarious liability claim.

---

[15] W.D. Tex. L.R. CV-7(d)(2).

[16] Doc. 14.

[17] W.D. Tex. L.R. CV-7(d)(2).

[18] Plaintiff's response (Doc 16) is e-filed as of May 20, 2022.

[19] *Id.*

CALIBER'S REPLY                                                                                           PAGE 6

010-9381-4152/1/AMERICAS

Respectfully submitted,

*/s/ Ekaterina G. Long*
Ekaterina G. Long
Texas Bar No. 24102700
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-758-1500
Facsimile: 214-758-1550
ekaterina.long@squirepb.com

and

*/s/ Eric J. Troutman*
Eric J. Troutman
California Bar No. 229263
TROUTMAN FIRM
530 Technology Drive, Suite 200
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile:   (214) 758-1550
troutman@troutmanfirm.com

**Attorneys for Caliber Home Inc.**

## Certificate of Service

      I certify that on May 25th, 2022, my office served a true and correct copy of the foregoing via the Court's CM/ECF system and by mailing it via Certified Mail Return Receipt Requested and First Class Mail to Plaintiff's last known address as follows:

Brandon Callier
6336 Franklin Trail
El Paso, Texas 79912

                                              */s/ Ekaterina G. Long*
                                              **Ekaterina G. Long**