## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

BRANDON CALLIER,                  §
     Plaintiff,                  §
                       §
v.                  §          **EP-22-CV-49-DB**
                       §
DEFENDANT HOME LOANS, INC.        §          ECF No. 14
     Defendant.                  §

## MEMORANDUM OPINION AND ORDER ON DEFENDANT CALIBER HOME LOANS, INC.'s MOTION TO DISMISS

     On this day, the Court considered Defendant Caliber Home Loans, Inc.'s ("Defendant") "Motion to Dismiss" ("Motion"), filed in the above-captioned case on May 2, 2022. Mot. ECF No. 14. Therein, Defendant requests that the Court dismiss Plaintiff Brandon Callier's ("Plaintiff") Second Amended Complaint ("Amended Complaint"). Compl. ECF No. 10. Plaintiff responded to the Motion on May 20, 2022. Resp. ECF No. 16.[1] Defendant replied on May 25, 2022. Reply ECF No. 17.

     In his complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C § 227, and the Texas Business and Commerce Code § 305.053 by making repeated calls to Mr. Callier's cellular phone. Compl. 11–14, ECF No. 10. Defendant argues that the claims against it should be dismissed because Plaintiff does not provide a sufficient factual basis for the Court to infer that it made the allegedly illegal phone calls or is in any way responsible for them. Mot. 1–2, ECF No. 14.

---

[1] In its Reply, Defendant argued that the Court should grant its motion to dismiss as unopposed because Callier's Response was not timely. Reply 5-6, ECF No. 17. Local Rule CV-7(d)(2) states that a response to a dispositive motion must be filed within 14 days, otherwise the Court has authority to grant the motion as unopposed. W.D. Tex. L.R. CV-7(d)(2); *Id.* Although this Court has the *authority* to grant the motion as unopposed, it also has the discretion not to grant the motion as unopposed, which it did here.

Plaintiff claims that Defendant called him 56 times between December 16, 2021, and March 15, 2022. Compl. 5, 7–10, ECF No. 10. Plaintiff alleges that Defendant both called him directly and used a third-party telemarketing company to engage in unsolicited and illegal phone calls. *Id.* at 5, 6. As for the direct calls from Defendant, the Court finds that Plaintiff's allegations raise an inference that Defendant may be responsible for some violations of the TCPA and the Texas Business and Commerce Code but are insufficient for others. The Court also finds that Plaintiff has not provided sufficient facts to support the allegations about calls from third-party telemarketers.

As for the calls made by telemarketers using automated dialing technology, the Court agrees with both parties that Plaintiff has not pled vicarious liability, which is necessary for this claim to survive. Mot. 6, ECF No. 14; Resp. 7–8, ECF No. 16. Thus, the Court will dismiss this claim.

Accordingly, the Court will deny the Motion in part and grant it in part.

## BACKGROUND

Plaintiff alleges that, between December 2021 and March 2022, he received 56 telephone calls from Defendant and its affiliated telemarketers, soliciting him to refinance his mortgage. Compl. 5, ECF No. 10.

Plaintiff alleges that he registered his phone number on the National Do-Not-Call ("DNC") Registry in December 2007 and never asked the registry to remove his number. *Id.* For that reason, Plaintiff claims that his number was on the "[DNC] registry at all times relevant to this Complaint" and that Defendant, therefore, violated the TCPA's prohibition on making telephone solicitations to numbers on the DNC Registry. *Id.* at 5, 12; 47 C.F.R. §64.1200(c)(2). Plaintiff further alleges that because Defendant called him while his number was registered on

2

the DNC list, Defendant failed to train "individuals involved in the telemarketing on the existence of and use of a do-not-call list," in violation of the TCPA.   Compl. 13, ECF No. 10; 47 C.F.R. §64.1200(d)(2).

On January 15, 2022, Plaintiff emailed Defendant requesting a copy of its DNC policy.  Compl. 6–7, ECF No. 10.  Plaintiff reports that he did not receive an "undeliverable" or "bad message" address, which led him to believe that Defendant received his request.  *Id.* at 6. Defendant, however, did not respond to Plaintiff's request and, indeed, "has never sent [him] a copy of their internal DNC policy."  Compl. 7, ECF No. 10; Resp. 7, ECF No. 16.  Because Defendant never responded to this request, Plaintiff alleges that the Defendant does not have "a written policy, available upon demand, for maintaining a DNC list," in violation of the TCPA. Compl. 12, ECF No. 10; 47 C.F.R. § 64.1200(d)(1).

As for the calls from third-party telemarketers, Plaintiff alleges that Defendant "employs, contracts, or authorizes" these third-party telemarketers to make phone calls on its behalf.  Compl. 6, ECF No. 10.  But Plaintiff does not elaborate any further on this purported agency relationship between Defendant and the third-party telemarketers.  *See* Compl. ECF No. 10.  Plaintiff also alleges that these third-party telemarketers used automatic dialing technology to make their calls.  Compl. 6, ECF No. 10.  He bases this assertion on the fact that when he answered calls from the third-party telemarketers, he "heard audible 'beeps' after delays of 3-4 seconds."  Compl. 6, ECF No. 10.  He asserts that "no emergency necessitated the calls" and he "did not ask Defendant to call him regarding mortgage refinancing."  Compl. 10, 6, ECF No. 10. He alleges that these "robocalls" from third-party telemarketers violated the TCPA's prohibition on using technology of this kind for non-emergency purposes and without consent.  Compl. 13–14, ECF No. 10; 47 U.S.C. § 227(b)(1)(A)(iii).

3

For these reasons, Plaintiff alleges that Defendant's calls violated both The TCPA and the Texas Business and Commerce Code § 305.053.  Compl. 11–14, ECF No. 10.

Defendant asserts that Plaintiff's allegations of (1) the use of automatic dialing technology, (2) violations of the DNC registry regulation, and (3) alleged telemarketing without adhering to mandatory procedural safeguards are "conclusory" and therefore fail the plausibility standard.  Mot. 8–9, ECF No. 14.  Defendant also claims that Plaintiff has failed to plead an agency relationship between Defendant and the third-party telemarketers.  *Id.*  For those reasons, Defendant moves to dismiss all of Callier's claims.  *Id.*

## LEGAL STANDARD

Defendant moves to dismiss Mr. Callier's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Mot. 1, ECF No. 14.

When evaluating a Rule 12(b)(6) Motion to Dismiss, courts evaluate "whether in the light most favorable to the plaintiff and with every doubt resolved in the pleader's favor—but disregarding mere conclusory statements—the complaint states any legally cognizable claim for relief."  5B Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1357 (3d ed. 2022).  This standard follows a "two-pronged approach."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In the first step, courts "must take all of the factual allegations in the complaint as true."  *Id.* at 678.  This presumption applies to factual allegations but is "inapplicable to legal conclusions."  *Id.*  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

At the second step, courts "ask whether the pleadings contain enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when [a plaintiff] pleads factual content that allows the

4

court to draw the reasonable inference that the [defendant] is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  Applying this plausibility standard is a "context specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If the plaintiff meets this plausibility standard, "plead[ing] factual content that allows the court to

draw the reasonable inference that the [defendant] is liable for the misconduct alleged," then the

court must deny the motion to dismiss. *Id.* at 678.

## ANALYSIS

In his Second Amended Complaint, Plaintiff raises four claims involving

violations of the TCPA and, by extension, the Texas Business and Commerce Code.   First, he

alleges that Defendant violated the TCPA's restriction on using automated telephone equipment,

47 U.S. § 227(b).  Compl. 12, ECF No. 10.  Second, he alleges that Defendant called his number

when it was registered on the DNC list, in violation of the TCPA.  Compl.  12, ECF No. 10; 47

C.F.R. §64.1200(c)(2).  Third, he alleges that Defendant conducted telemarketing without

adhering to mandatory safeguards.  Compl. 12-13, ECF No. 10; 47 C.F.R. §64.1200(d)(1), (2),

(4).[2]  For those reasons, he alleges that Defendant violated Texas Business and Commerce Code

§ 305.053, which makes TCPA violations actionable under state law.  Compl. 14, ECF No. 10.

**I.      Plaintiff Does Not Show That Defendant Plausibly Violated the TCPA's Restriction on Automated Telephone Equipment Because He Does Not Establish an Agency Relationship Between Defendant and the Third-Party Telemarketers Using Automated Equipment.**

The TCPA prohibits the use of automatic telephone dialing systems (ATDS) "to make

any call (other than a call made for emergency purposes or made with the prior express consent

of the called party) ...to any telephone number assigned to a ...cellular telephone service."  47

---

2 The Court will divide its analysis of the third claim into Parts I, II, and III.

U.S.C. § 227(b)(1)(A)(iii).  ATDS refers to equipment with the capacity to "store or produce

telephone numbers to be called, using a random or sequential number generator; and to dial such

numbers."  47 U.S.C. § 227(a)(1).

Plaintiff alleges that during the 60-day period, he received phone calls from both third-

party telemarketers and from Defendant's representatives directly.  Compl. 7–10, ECF No. 10.

He alleges that "each of the third-party telemarketers initiated their phone calls using equipment

that relies on automated dialing technology."  Compl. 6, ECF No. 10.  Plaintiff alleges that

Defendant "employ, contracts, or authorizes" these third-party telemarketers, thereby implying

that Defendant had an agency relationship with the third-party telemarketers.  Compl. 6, ECF

No. 10.

Defendant claims that Plaintiff failed to plead an agency relationship between Defendant

and the third-party telemarketers.  Mot. 6–8, ECF No. 14.  On this point, Plaintiff agrees that he

"cannot establish this claim because [he] forgot to include vicarious liability in his complaint."

Resp. 7, ECF No. 16.  Since Plaintiff concedes that he did not plead vicarious liability, and since

the complaint lacks non-conclusory allegations about vicarious liability, the Court will dismiss

Plaintiff's claims involving third party telemarketers.

II.    **Plaintiff Shows That Defendant Plausibly Violated the TCPA's Prohibition on Calling Numbers on The National DNC Registry Through its Direct Calls.**

The TCPA prohibits persons or entities from making telephone solicitations to anyone

who has "registered his or her telephone number on the national DNC registry."  47 C.F.R.

§64.1200(c)(2).

In his complaint, Plaintiff claims that he registered his number on the national DNC

registry in December 2007.  Compl. 5, ECF No. 10.  Plaintiff also claims that he never requested

6

that his number be removed from the registry, and he remained registered on the DNC list during the timeframe that Defendant called him. Compl. 5, ECF No. 10. Therefore, Plaintiff alleges, these calls violated the TCPA's prohibition on calling numbers on the DNC registry. *Id.*; 47 C.F.R. §64.1200(c)(2).

A. Plaintiff shows that Defendant plausibly conducted telemarketing solicitation.

To show that Defendant violated this section of the TCPA, Plaintiff must show that Defendant made these calls for "telemarketing purposes." 47 C.F.R. § 64.1200(d). Telemarketing consists of the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4). Telemarketing solicitation does not, however, include calls "to any person with that person's prior express invitation or permission." *Id.*

Plaintiff alleges that Defendant engaged in telemarketing because Defendant "did not offer Plaintiff any informative information and instead made each and every phone call with the explicit purpose of soliciting Plaintiff to refinance his mortgage." Compl. 5, ECF No. 10. Plaintiff alleges that he "did not seek or solicit Defendant's phone calls or services in any way." *Id.* at 6. Defendant counters that Plaintiff "never denied that he had pre-existing business relationships with [Defendant] or those allegedly calling on its behalf, leaving a trace of doubt as to whether the alleged calls occurred because [he] at some point invited them." Mot. 5, ECF No. 14.

At the motion to dismiss stage, courts "take all of the factual allegations in the complaint as true." *Iqbal*, 556 U.S. at 678. Plaintiff alleges that he "did not seek or solicit" phone calls from the defendant. Compl. 6, ECF No. 10. Because this assertion is factual, and not legal, in nature, at this stage in the proceedings the Court will accept this assertion as true. *See Iqbal*, 556

7

U.S. at 678.   Given that the calls were made for the purpose of "soliciting [Callier] to lower [his]

mortgage rate," and Plaintiff asserts that he did not invite the calls, the Court finds that Plaintiff

has plausibly shown that Defendant made these calls for the purpose of telephone solicitation.

Compl. 5, ECF No. 10.

   B.  Plaintiff shows that his number was plausibly registered on the National DNC list.

   In its motion to dismiss, Defendant challenges Callier's claim that he was registered on

the DNC registry. Mot. 4, ECF No. 14.  Defendant claims that Plaintiff "alleged no facts

showing that he confirmed his telephone number remained on the registry" and "never alleged

facts that he confirmed that the database administrator continued to keep his phone number on

the registry." *Id.*   The Court is not convinced by this argument. *Id.*

   In his Response, Plaintiff flags language on the FTC website that confirms that

registration on the DNC list "will never expire. The FTC will only remove your number from the

Registry if it's disconnected or reassigned, or if you ask to remove it."  Resp. 3-4, ECF No. 16

(quoting Federal Trade Commission, *National Do Not Call Registry FAQs* (last visited

November 9, 2022), https://consumer.ftc.gov/articles/national-do-not-call-registry-faqs).

Defendant counters that this language is not persuasive because Plaintiff "merely quoted a

generic explanation from the frequently asked questions." Reply 3, ECF No. 17.  Despite

Defendant's contention, the Court finds that this language speaks precisely to why Plaintiff

presumed his number was still on the registry.   Plaintiff alleges that his number has been on the

DNC registry since 2007, and he never requested that it be removed.  Compl. 5, ECF No. 10.

Presuming that Plaintiff's phone number was never "disconnected or reassigned," according to

the FTC website, there is no reason Plaintiff's number should have been removed from the registry and therefore no need for him to confirm that it remained on the registry. FTC, *supra*.

Plaintiff's assertion that his number was registered on the DNC registry constitutes a factual allegation, not a "legal conclusion" or the "element of a cause of action." *Iqbal*, 556 U.S. at 678. Although he must ultimately show that he was registered on the DNC registry to show that Defendant violated the TCPA's DNC provision, the question of whether Plaintiff's phone number was on the DNC registry is factual, not legal, in nature. That question does not require the application of a legal principle to evaluate it. Therefore, at this stage in the proceedings, the Court accepts this factual allegation as true. *See id.*

Next, the Court considers whether Plaintiff's claim "plausibly suggest[s] an entitlement to relief." *Id.* at 681. The TCPA prohibits telemarketing calls to numbers registered on the DNC registry." 47 C.F.R. §64.1200(c)(2); 47 U.S.C. § 227(c)(3)(F). After accepting Plaintiff's assertion that his number was always registered on the DNC list, the Court may "reasonabl[y] infer" that by directing telemarketing calls to Callier, Defendant violated the TCPA. *Iqbal*, 556 U.S. at 678. Plaintiff is therefore entitled to relief. Thus, the Court denies Defendant's motion to dismiss this claim.

### III.    Plaintiff shows that Defendant plausibly conducted telemarketing solicitation without adhering to one mandated safeguard but not two others.

The TCPA prohibits telemarketing calls unless the caller has instituted procedural safeguards, including "procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Plaintiff alleges that Defendant has not instated the requisite procedural safeguards under the TCPA. Compl. 12–13, ECF No. 10. Plaintiff alleges that Defendant was lacking three

safeguards in particular: (1) a written policy, available upon demand, for maintaining a DNC list;
(2) training and instruction on the DNC list for personnel engaged in telemarketing, and; (3) a
policy of having callers introduce themselves and introduce the entity on behalf of which they
are calling.  *Id.*; 47 C.F.R. § 64.1200(d)(1), (2), (4).  Plaintiff asserts that Defendant did not have
any of these safeguards in place when it called him, in violation of the TCPA.

   A. <u>Plaintiff shows that Defendant plausibly conducted telemarketing solicitation without a
      written policy for maintaining a DNC list and the Court therefore will not dismiss this
      claim.</u>

      First, Plaintiff alleges that Defendant violated the TCPA because it does not have a DNC
policy available upon demand ("Part I" of mandated safeguards claim).  Compl. 12, ECF No.10.
As proof of this, he pleads that he emailed Defendant requesting a copy of such policy but never
received a response.  Compl. 6–7, ECF No. 10; *see* 47 C.F.R. § 64.1200(d)(1).  After sending his
email, Plaintiff did not receive an "undeliverable" or "bad address" message, and therefore
concluded that Defendant received his request, even though it never sent him the policy.  Compl.
6, ECF No. 10.

      Defendant challenges Mr. Callier's allegation, calling it "anemic," because Plaintiff
failed to "explain[] his reasons for making the request or how he determined that the email
address he sent his request [from] was the correct one."  Mot. 5, ECF No. 14.  But as Plaintiff
points out in his response, the TCPA contains no such requirement that he make multiple
requests or explain his reasons for making a request.  Resp. 6, ECF No. 16; *see* 47 C.F.R.
1200(d)(1).  Plaintiff also points out that he did not need to independently confirm that this was

the correct email because it was the address "provided by the Defendant as a valid email address for inquiries." Resp. 6–7, ECF No. 16.

The Court accepts Mr. Callier's allegation that he emailed the address Defendant provided, requesting a copy of their DNC policy. Mot. 5, ECF No. 14; Resp. 6–7, ECF No. 16. Upon accepting these facts, the Court "draw[s] the reasonable inference" that Defendant does not have a DNC policy, available upon request, in violation of the TCPA. *Iqbal*, 556 U.S. at 678. Therefore, the Court will not dismiss Plaintiff's claim that Defendant violated 47 C.F.R. § 64.1200(d)(1).

B. Plaintiff has not shown that Defendant plausibly conducted telemarketing solicitation without providing information and training on the DNC list and the Court therefore dismisses this claim.

Second, Plaintiff alleges that Defendant violated the TCPA because it did not inform and train its personnel on the existence and use of the DNC list ("Part II" of mandated safeguards claim). Compl. 13, ECF No. 10; 47 C.F.R. § 64.1200(d)(2). However, Plaintiff does not plead specific facts to substantiate this claim. Instead, Plaintiff bases his claim on the fact that the callers "knowingly ignored the national DNC registry," thereby inferring that the callers were not trained on the existence and use of the registry. Compl. 10, ECF No. 10. Defendant deems this claim "highly speculative." Mot. 5 ECF No. 14.

Although the Court must "take all factual allegations in the complaint as true" this presumption does not apply to "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. Callier's assertion is conclusory because he "tells" the Court that Defendant's personnel were not adequately trained but he does not "explain" how he reached this conclusion. Wagstaffe Group Practice Guide, *Fed. Civ. Proc. Before Trial* §23-11 (2022). He does not point to specific evidence that the callers were not

"informed and trained in the existence and use of the DNC list." 47 C.F.R. § 64.1200(d)(2).

Plaintiff does not, for example, explain that the callers, when questioned, were unaware of the

DNC policy or could not answer questions about the policy. Because the Court finds this

allegation "conclusory," it will not accept the veracity of Callier's statement that third-party

telemarketers and Defendant's personnel were not informed and trained in the existence and use

of the DNC list. *Iqbal,* 556 U.S. at 678. Thus, the Court will dismiss Plaintiff's claim that

Defendants violated 47 C.F.R. § 64.1200(d)(2).

   C. Plaintiff has not shown that Defendant agents plausibly conducted telemarketing
      solicitation without introducing themselves or the entity on behalf of which they were
      calling, and the Court therefore dismisses this claim.

        Third, Plaintiff alleges that Defendant violated the TCPA because agents called him

without introducing themselves or the entity on behalf of which they were calling ("Part III" of

mandated safeguards claim). Compl. 13, ECF No. 10; 47 C.F.R. § 64.1200(d)(4). But this

assertion, too, is "conclusory." *Iqbal,* 556 U.S. at 678. Plaintiff merely "tells" the Court that the

callers did not introduce themselves, but he does not "explain" the circumstances under which

the callers failed to introduce themselves. *See* Compl. ECF No. 10. For example, he does not

specify whether the third-party telemarketers, Defendant agents, or both groups failed to

introduce themselves. *Id.* Because Plaintiff does not support his claim with any of these facts,

the Court deems that this argument is also "conclusory," and therefore not entitled to an

assumption of truth. *Iqbal,* 556 U.S. at 678. Thus, the Court will dismiss Plaintiff's claim that

defendants violated 47 C.F.R. § 64.1200(d)(4).

   D. Conclusion

        Plaintiff has not shown that Defendant plausibly failed to (1) inform and train personnel

in the existence and use of the DNC list or (2) introduce the name or entity on whose behalf the

calls were being made. *See* Compl. ECF No. 10; 47 C.F.R. § 64.1200(d)(2), (4). But Plaintiff

does show that Defendant plausibly conducted telemarketing solicitation without a written

policy, available upon demand, for maintaining a DNC list. Compl. 6–7, ECF No. 10; 47 C.F.R.

§ 64.1200(d)(1). For that reason, the Court dismisses Parts II and III, but keeps Part I of

Plaintiff's claim that Defendant conducted telemarketing without mandated safeguards. 47

C.F.R. § 64.1200(d).

IV.  **For the above reasons, Plaintiff establishes that Defendant plausibly violated the Texas Business and Commerce Code.**

The Texas Business and Commerce Code establishes that a person who receives a

communication that violates the TCPA may bring a state action against the person or entity that

made the communication. Texas Business and Commerce Code § 305.053. Because Plaintiff

showed that Defendant plausibly violated sections of the TCPA, *supra sections I and II(A)*, he

has also shown that Defendant plausibly violated the Texas Business and Commerce Code.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant Caliber Home Loans,

Inc.'s "Motion to Dismiss" is granted in part and denied in part. The Court **DISMISSES** the

claim that Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using automated telephone

equipment. The Court further **DISMISSES** Parts II and III of Plaintiff's claim that Defendant

violated mandated safeguards under 47 C.F.R. § 64.1200(d)(2) and (4). The Court denies the

dismissal any of the other claims in this case.

13

SIGNED this 10th day of November 2022.


THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE